IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO: 5:17-CV-00071

| | |
|---|---|
| BELINDA LIPSCOMB FOUSHEE, as Personal Representative of the Estate of ANNEKA FOUSHEE, <br><br>Plaintiff, <br><br>vs. <br><br>R.T. VANDERBILT HOLDING COMPANY, INC., Individually and as Successor in Interest to R.T. VANDERBILT COMPANY, INC., and VANDERBILT MINERALS, LLC f/k/a R.T. VANDERBILT COMPANY, INC., Individually and as Successor in Interest to INTERNATIONAL TALC CO., <br><br>Defendants. | JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

PLAINTIFF, Belinda Lipscomb Foushee, by and through her attorneys, Wallace and Graham, P.A., hereby brings this Civil Action Complaint, and alleges:

### I.  PARTIES

1.  Plaintiff, **Belinda Lipscomb Foushee** (hereinafter "Plaintiff"), is a citizen and resident of Willow Springs, North Carolina in Wake County. Plaintiff is the mother of Anneka Foushee (hereinafter "Decedent"), and maintains this action on behalf of the Estate as a personal representative pursuant to her powers under N.C. Gen. Stat. § 28A-13-3(a)(15), (24) & (30) and the wrongful death statute, § 28A-18-2.

2.  Defendant **RT Vanderbilt Holding Company, Inc.**, Individually and as Successor In Interest to R.T. Vanderbilt Company, Inc. is a Connecticut corporation with a

1

principal place of business in Connecticut, and can be served with process at its office at 30 Winfield Street, Norwalk, CT 06855, or through its North Carolina registered agent, CT Corporation System, 160 Mine Lake Ct., Ste 200, Raleigh, NC 27615.

3. Defendant **Vanderbilt Minerals**, **LLC** f/k/a R.T. Vanderbilt Company, Inc., Individually and as Successor In Interest to International Talc Co., is a Connecticut corporation with a principal place of business in Connecticut, and can be served with process at its office at 33 Winfield Street, Norwalk, CT 06855-1329, or through its North Carolina registered agent, Corporation Service Company, 327 Hillsborough Street, Raleigh, NC 27603.

## II. JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the Defendants because the Defendants, at all material times, engaged in business in the State of North Carolina, or their predecessors in interest did so, or they otherwise engaged in business activities giving rise to personal jurisdiction in a judicial forum in this State.

5. This Court has jurisdiction over the parties under 28 U.S.C. § 1332 because the Plaintiff is a citizen of the State of North Carolina, the Decedent was a resident of North Carolina and none of the Defendants are citizens of North Carolina. The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in this Court.

## III. FACTS

7. Plaintiff brings this action for monetary damages as a result of her daughter, the Decedent, contracting an asbestos-related disease.

8. Decedent born on September 21, 1973. After high school, she enrolled in Appalachian State University. In the fall of 1995 she took a class in ceramics. In this ceramics

2

class, Decedent was exposed to asbestos-containing products which were part of the ceramic materials.

9. Upon information and belief, the ceramic materials used by Decedent at Appalachian State University were purchased from Highwater Clays of Asheville, North Carolina.

10. Upon information and belief, Highwater Clays purchased materials from R.T. Vanderbilt and/or its affiliated, successor, or predecessor companies, for whose conduct the Defendants are liable.

11. Upon information and belief, the materials supplied by Vanderbilt and that were used in the ceramics class contained asbestos.

12. Decedent was diagnosed with mesothelioma on July 21, 2014.

13. After her diagnosis, Anneka Foushee endured pain and suffering and intrusive medical treatment. The Plaintiff, Belinda Lipscomb Foushee, her mother, sought to assist in caring for her.

14. The Decedent died on February 10, 2015, at the age of 41.

15. The death certificate of the Decedent describes that she died as a result of mesothelioma.

16. Letters Testamentary were issued by the Superior Court Division, Wake County, in matter number 15-E-737, on February 27, 2015, duly appointing the Plaintiff as fiduciary of the Estate of the Decedent.

### IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### NEGLIGENT FAILURE TO WARN

17. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

herein.

18. At all material times, Defendants are or were (or are liable for predecessors who are or were) each a miner, manufacturer, distributor, processor, importer, converter, compounder, and/or retailer of talc products that contained asbestos, and Defendants are each a "manufacturer" or "seller" within the meaning of N.C. Gen. Stat. § 99B-1.

19. The Defendants, acting through their agents, servants, and/or employees, caused, and have caused in the past, certain asbestos and asbestos-containing materials or products, including but not limited to ceramic grade talc, to be placed in the stream of interstate commerce, and as a foreseeable result, said asbestos and asbestos-containing materials came into use by the Decedent.

20. Throughout the course of her classwork at Appalachian State University, Decedent worked with and was exposed to the asbestos and asbestos-containing materials mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, with all of said exposure being within the State of North Carolina.

21. Decedent was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused her to develop an illness known and designated as malignant mesothelioma.

22. Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to warn the Decedent and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

23. Decedent sustained injuries caused by no fault of her own and which could not be avoided through the use of reasonable care. Decedent's development of an asbestos-related

disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Decedent's body, lungs, respiratory system, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Decedent would not know of such danger to her health.

24. Decedent's illness and subsequent death are the direct and proximate result of the negligence and carelessness of Defendants.

25. Defendants breached their duties of due care and were negligent with respect to the following acts and/or omissions:

- (a) They failed to advise foreseeable users including Decedent of the dangerous characteristics of their asbestos and/or asbestos-containing materials;

- (b) They failed or omitted to provide the Decedent with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers;

- (c) They failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials or products to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials and products;

- (d) They failed to warn or inadequately warned customers, buyers and foreseeable users such as Decedent of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials and products;

- (e) They failed to warn and instruct foreseeable users of the availability of safe alternative products and failed to provide those safe alternatives; and

- (f) During the pertinent times, they continued to use a known cancer-causing product, to wit, asbestos, and never undertook any recalls or warnings to

5

Case 5:17-cv-00071-D   Document 1   Filed 02/09/17   Page 5 of 12

individuals who had used their products in the past.

26. The hazards posed by exposure to asbestos and/or asbestos-containing products or materials and the resulting injuries and damages to Decedent were reasonably foreseeable, or should have been reasonably foreseen by Defendants.

27. Under N.C. Gen. Stat. § 99B-5, the Defendants, as responsible manufacturers or sellers of the relevant products, acted unreasonably in failing to provide adequate warnings or instructions. The failure to provide adequate warnings or instructions was a proximate cause of the harm for which damages are sought. Further, at the time the product left the control of the Defendants, the product, without an adequate warning or instruction, created an unreasonably dangerous condition that the manufacturer or seller knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant; or in the alternative, after the product left the control of the Defendants, they became aware of or in the exercise of ordinary care should have known that the product posed a substantial risk of harm to a reasonably foreseeable user or consumer and failed to take reasonable steps to give adequate warning or instruction or to take other reasonable action under the circumstances.

28. As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Decedent developed mesothelioma, as a consequence of which, through no fault of her own, she died.

29. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## SECOND CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

30. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

6
Case 5:17-cv-00071-D   Document 1   Filed 02/09/17   Page 6 of 12

31. The Defendants impliedly warranted that said ceramic talc materials and/or other asbestos-containing products were of good and merchantable quality and fit for their intended use.

32. The implied warranty made by the Defendants that the asbestos-containing materials or products were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Decedent used or was in the presence of others who used said asbestos-containing materials.

33. As a direct and proximate result of the Defendants' breach of the implied warranty of good and merchantable quality and fitness for the particular intended use, Decedent developed the illness of mesothelioma.

34. As a result of the above, Plaintiff seeks damages as are hereinafter demanded.

## THIRD CAUSE OF ACTION
## NEGLIGENT DESIGN

35. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

36. At all material times, Defendants (or predecessors) were engaged in the business of supplying talc and talc products to various customers.

37. The Defendants, acting through its agents, servants, and/or employees, caused, and have caused in the past, certain asbestos-containing materials and products to be placed into the stream of commerce and eventually used by Decedent.

38. Under N.C. Gen. Stat. § 99B-6, the Defendants are liable for the inadequate design or formulation of the relevant product in that at the time of its manufacture, the

manufacturer acted unreasonably in designing or formulating the product, and this conduct was a proximate cause of the harm for which damages are sought.

39. Furthermore, at the time the product left the control of the Defendants, they unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design or formulation that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the product.

40. In the alternative or in addition, at the time the product left the control of the Defendants, the design or formulation of the product was so unreasonable that a reasonable person, aware of the relevant facts, would not use or consume a product of this design.

41. Defendants acted unreasonably with regard to manufacturing, using and selling a product of the subject design and formulation, in that Defendants knew or should have known of asbestos contamination of talc materials, Defendants had the ability to design and formulate the product so as to avoid any danger of asbestos in the product, and the potential for causing malignant mesothelioma is a serious risk of harm associated with the design or formulation in light of the intended and reasonably foreseeable uses, modifications, or alterations of the product.

42. Defendants knew or should have known of the likely lack of awareness of product users, such as artists and artisans, craftspersons, potters, and ceramics or pottery students or hobbyists, whether based on warnings, general knowledge, or otherwise, of those risks of harm.

43. At all material times, Defendants knew or should of have known that exposure to asbestos or asbestos-containing materials is deleterious, carcinogenic and otherwise harmful to persons exposed to asbestos fibers.

44. Decedent's contraction of mesothelioma is the direct and proximate result of the

negligence and inadequate design and formulation of the relevant products, for which the Defendants are responsible, and resulting in damages as described below.

## FOURTH CAUSE OF ACTION
## GROSS NEGLIGENCE--WILLFUL, WANTON, AND RECKLESS CONDUCT

45. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

46. Decedent and others in her position were in close proximity to the asbestos and asbestos-related materials that were manufactured by the Defendants, and the exposure and hazard to each of them should have been anticipated by the Defendants.

47. The Defendants knew or should have known that their ceramic talc and/or other relevant products contained asbestos and that asbestos and asbestos-containing products are hazardous to the health and safety those exposed to these products.

48. During the relevant times, the Defendants ignored and failed to act upon reliable and available medical and scientific data reflecting the dangers of asbestos. As a proximate result, the Decedent developed cancer and died from that cancer.

49. On information and belief, during the pertinent times, the Defendants intentionally and fraudulently suppressed and continued to conceal the presence and dangers of asbestos in the relevant products, thus denying Decedent the knowledge with which to take necessary safety precautions or obtain medical monitoring.

50. The acts of the Defendants as hereinabove set forth were intentional and willful and done with willful disregard of the safety of Decedent or persons in Decedent's position and Defendants' conduct was reckless in light of their knowledge of the dangerous effect of asbestos and asbestos-containing materials and products.

51. Under the circumstances, Defendants engaged in fraudulent or willful and wanton conduct within the meaning of N.C. Gen. Stat. § 1D-5(4) & (7) and N.C. Gen. Stat. § 15 and engaged in acts and omissions giving rise to one or more aggravating factors within the meaning of N.C. Gen. Stat. § 1D-15 and N.C. Gen. Stat. § 1D-35.

52. On information and belief, Defendants' relevant officers, directors, or managers participated in or condoned the conduct constituting the aggravating factor justifying punitive damages, within the meaning of N.C. Gen. Stat. § 1D-15(c).

53. Wherefore, the Plaintiff further seeks exemplary and punitive damages against Defendants to punish and deter, in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## DAMAGES -- WRONGFUL DEATH

54. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

55. Due to the negligence of the Defendant as set forth herein, Decedent developed mesothelioma which caused her death, for which injury and death the Plaintiff personal representative as defined by N.C. Gen. Stat. § 28A-1-1(5) is authorized to seek legal relief under the North Carolina Wrongful Death Statute, N.C. Gen. Stat. § 28A-18-2(a).

56. As a result of her mesothelioma, the Decedent suffered injury and damages including pain and suffering; expenses for care, treatment and hospitalization; lost income and a shortened life; and other injury and damages to be shown at trial.

57. As a direct and proximate result of the death of Decedent, Plaintiff is entitled to recover the following damages pursuant to N.C. Gen. Stat. § 28A-18-2(b):

    a) Expenses for care, treatment and hospitalization incident to the injury resulting in death;

b) Compensation for pain and suffering of the Decedent;

c) The reasonable funeral expenses of the Decedent;

d) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected net income of the Decedent, services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered, and society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

e) such punitive damages as the Decedent could have recovered pursuant to Chapter 1D of the General Statutes had the decedent survived, and punitive damages for wrongfully causing the death of the decedent through malice or willful or wanton conduct, as defined in G.S. 1D-5; and

f) Any other damages available under the North Carolina Wrongful Death Act.

58. Wherefore, as a direct and proximate result of the actions and omissions of the Defendants which proximately led to the death of the Decedent, the Plaintiff, as personal representative of the Estate of the Decedent, is entitled to recover the following damages including but not limited to all compensation due and owing to the Estate, all damages and remedies available under the North Carolina Wrongful Death Act, any actual damages properly assessable against the Defendants by reason of said alleged negligence, gross negligence, breach of warranty, and other breaches of duty as alleged herein, lost wages, special damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

## V. JURY TRIAL DEMAND

Plaintiff requests a trial by jury of all claims and causes of action that are so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter its judgment finding and ordering as follows:

A. awarding Plaintiff all actual and compensatory damages to which Plaintiff is entitled by law for the wrongful death of the Decedent;

B. awarding the Plaintiff punitive damages;

C. awarding any costs, fees and expenses, and pre-judgment and post-judgment interest, as may be allowable by law; and

D. awarding such other and further relief as this Court may deem just and proper.

This the 9th day of February, 2017.

**WALLACE AND GRAHAM, P.A.**

/s/William M. Graham
William M. Graham (NC Bar No. 17972)
Edward L. Pauley (NC Bar No. 27060)
Michael B. Pross (NC Bar No. 27050)
Attorneys for Plaintiff
525 North Main Street
Salisbury, NC 28144
Tel. No. (704) 633-5244
Fax: (704) 633-9434
wgraham@wallacegraham.com
epauley@wallacegraham.com
mpross@wallacegraham.com