IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:17-cv-00071-M

BELINDA LIPSCOMB FOUSHEE, )
INDIVIDUALLY AND AS EXECUTRIX )
OF THE ESTATE OF ANNEKA )
FOUSHEE, ) **ORDER**
                      Plaintiff, )
)
v. )
)
RT VANDERBILT HOLDING )
COMPANY, INC., INDIVIDUALLY AND )
AS SUCCESSOR IN INTEREST TO R.T. )
VANDERBILT COMPANY, INC., AND )
VANDERBILT MINERALS, LLC F/K/A )
R.T. VANDERBILT COMPANY, INC., )
                      Defendants. )

On January 9, 2020, the above-named Defendants filed a "Motion to Stay Pending Outcome of North Carolina Industrial Commission Action" [DE 59]. On January 30, 2020, Plaintiff Belinda Lipscomb Foushee ("Foushee"), individually and as Executrix of the Estate of Anneka Foushee, filed a "Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Stay Pending the Outcome of North Carolina Industrial Commission Action" [DE 61]. For the reasons explained below, Defendants' motion to stay is DENIED.

I.     Procedural History

Foushee alleges that her daughter, Anneka Foushee, contracted and ultimately died from an asbestos-related disease, mesothelioma, after she was exposed to asbestos-containing products in ceramic materials she used as a student at Appalachian State University ("ASU"). Compl. ¶¶ 7-

1

8, 12-15, DE 1. The ceramic materials were allegedly supplied to ASU by Defendants via Highwater Clays of Ashville, North Carolina. *Id.* ¶¶ 9-11.

On March 30, 2016, Foushee initiated a claim against ASU through the filing of a Form T-1 Affidavit with the North Carolina Industrial Commission ("NCIC") under the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291 *et seq.*, which was docketed on April 7, 2016. *See* Ex. 1 to Foushee's Mem. in Opp'n to Defs.' Mot. to Stay, DE 61-2. Apart from the denial of ASU's motion to dismiss and a related appeal, *see Foushee v. Appalachian State Univ.*, 805 S.E.2d 197 (N.C. Ct. App. 2017), the NCIC matter appears to be ongoing without a final decision on the merits as of this writing.

On February 9, 2017, Foushee filed the instant federal suit against Defendants for negligent failure to warn, breach of implied warranty, negligent design, gross negligence, and wrongful death. Compl. ¶¶ 17-58, DE 1. Jurisdiction is based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332. After several amendments to the discovery scheduling order, summary judgment briefing is complete and is ripe for decision.

II. Motion to Stay Legal Standard

Defendants have filed a motion to stay based on pending parallel proceedings in the NCIC [DE 59]. A district court has the power to stay its proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also United States v. Georgia Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) ("The determination by a district judge in

granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.").

III. Analysis

As part of its responsibilities, NCIC adjudicates tort claims against the institutions and agencies of the State of North Carolina that arise as a result of the negligence of a state employee. N.C. Gen. Stat. § 143-291. NCIC determines "whether or not each individual claim arose as a result of [] negligence . . . [and] the amount of damages that the claimant is entitled to be paid . . . ." *Id.* Once the determination of a claim is issued, either party has 15 days to appeal that decision before the full Commission. § 143-292. During the review process, the full Commission "may issue its own findings of fact and conclusions of law." *Id.* Another appeal can then be taken to the North Carolina Court of Appeals "for errors of law . . . and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them." § 143-293.

While the federal district courts in North Carolina have issued stays with some frequency in deference to NCIC tort proceedings, the parties and factual circumstances in the parallel proceedings have been the same. *See, e.g.*, Order, *Tate v. Smith*, Case No. 14-CV-125, DE 40 (M.D.N.C. Nov. 4, 2014) (staying § 1983 suit in federal court against three corrections officers pending final resolution of NCIC proceedings against Department of Public Safety because it "has the potential to resolve all claims by the plaintiff against the defendants and arises from the same core of operative facts"); Order, *Carawan v. Daniels*, Case No. 5:13-CT-3108-BO, DE 48 (E.D.N.C. Apr. 4, 2014) (staying § 1983 suit pending resolution of NCIC action because "[c]ourts have found that prisoners' section 1983 claims arising out of a common nucleus of facts litigated at the North Carolina Industrial Commission are sufficiently identical to bar their litigation

3

pursuant to the doctrines of res judicata or collateral estoppel"); Order, *Murray v. Cash*, Case No. 1:08-CV-280, DE 153 (M.D.N.C. Jan. 10, 2012) (staying § 1983 suit in federal court against one corrections officer pending ruling on appeal by NCIC of parallel claim); *see also Berryman v. N. Carolina Dep't of Pub. Safety*, Case No. 1:15-cv-138-FDW, 2015 WL 6128483, at *2 n.1 (W.D.N.C. Oct. 16, 2015) (suggesting that if plaintiff survived a statute-of-limitations defense, a stay of § 1983 suit may be appropriate given that plaintiff already filed an action, based on the same events, against the defendants in the NCIC).

Here, Foushee was and remains unable to litigate her claims against Defendants in the NCIC and likewise cannot litigate her negligence claims against a North Carolina state university in federal court. Foushee was required to split her claims: she is pursuing her claims against a state university in the NCIC and her claims against Connecticut corporations in federal court based on diversity jurisdiction. *See Wilkins v. Gaddy*, No. 3:08-CV-138-RJC, 2012 WL 2917887, at *2 (W.D.N.C. July 17, 2012) (finding plaintiff was required to split up his claims because "[p]laintiff was unable to litigate his Eighth Amendment claim regarding Defendant's intentional conduct in the Industrial Commission because the state Tort Claims Act does not permit suits based on intentional conduct. . . . And Plaintiff was unable to litigate his claim regarding [another officer's negligent conduct] in federal court because . . . there is no subject matter jurisdiction in federal court to litigate against a state employee for negligent conduct"). In addition to different defendants in each of the proceedings, neither the substantive issues nor the facts relevant to those issues are the same. Relevant to the NCIC proceeding are facts related to the alleged negligence of ASU while the instant lawsuit will focus on facts related to the alleged negligence of Defendants.

Furthermore, preclusive effect of an NCIC decision doesn't take place until the full Commission has reviewed a decision on appeal. This is because the full Commission can

essentially reopen the case and reject prior determinations of fact and law. *See* N.C. Gen. Stat. § 143-292; *see also United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966) ("When an administrative agency is acting in a judicial capacity and resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."). To stay proceedings in the instant case pending a potentially preclusive ruling in the NCIC—which may or may not happen and depends entirely on the individual litigants in *that* proceeding—is too speculative and unwarranted given that this federal litigation has already reached the summary-judgment stage. The Court in its discretion declines to exercise its inherent power to stay this action.

IV. Conclusion

For the reasons discussed above, the Court DENIES Defendants' motion to stay [DE 59].

SO ORDERED this the 25th day of February, 2020.

RICHARD E. MYERS II
U.S. DISTRICT COURT JUDGE